UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.3:18-cv-316-J-34JRK |
| v. | ) ) | CLASS REPRESENTATION |
| ATLANTIC COAST FINANCIAL CORPORATION, JOHN K. STEPHENS, JR., DAVE BHASIN, BHANU CHOUDHRIE, JOHN J. DOLAN, JAMES D. HOGAN, W. ERIC PALMER, JAY S. SIDHU, and AMERIS BANCORP, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on November 17, 2017 (the "Proposed Transaction"), pursuant to which Atlantic Coast Financial Corporation ("Atlantic" or the "Company") will be acquired by Ameris Bancorp ("Ameris").

2. On November 16, 2017, Atlantic's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ameris. Pursuant to the terms of the Merger Agreement, Atlantic's stockholders will have the right to receive $1.39 in cash and 0.17 shares of Ameris common stock for each share of the common stock of Atlantic they hold.

3. On February 20, 2018, defendants filed a proxy statement/prospectus with the

United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction (the "Proxy Statement").

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Atlantic common stock.

9.      Defendant Atlantic is a Maryland corporation and maintains its principal executive offices at 4655 Salisbury Road, Suite 110, Jacksonville, Florida 32256.  Atlantic's common stock is traded on the NasdaqGM under the ticker symbol "ACFC."

10.      Defendant John K. Stephens, Jr. ("Stephens") is a director, the President, and Chief

Executive Officer ("CEO") of the Company according to the Company's Form 10-K filed with the SEC on March 14, 2017.

11.     Defendant Dave Bhasin ("Bhasin") is a director of the Company according to the Company's Form 10-K filed with the SEC on March 14, 2017.

12.     Defendant Bhanu Choudhrie ("Choudrie") is a director of the Company according to the Company's Form 10-K filed with the SEC on March 14. 2017.

13.     Defendant John J. Dolan ("Dolan") is a director of the Company according to the Company's Form 10-K filed with the SEC on March 14, 2017.

14.     Defendant James D. Hogan ("Hogan") is a director of the Company according to the Company's Form 10-K filed with the SEC on March 14, 2017.

15.     Defendant W. Eric Palmer ("Palmer") is a director of the Company according to the Company's Form 10-K filed with the SEC on March 14, 2017.

16.     Defendant Jay S. Sidhu ("Sidhu") is a director of the Company according to the Company's Form 10-K filed with the SEC on March 14, 2017.

17.     The defendants identified in paragraphs 11 through 16 are collectively referred to herein as the "Individual Defendants."

18.     Defendant Ameris is a Georgia corporation and maintains its principle executive offices at 310 First Street, S.E., Moultrie, Georgia 31768.  Ameris's common stock is traded on the NasdaqGS under the ticker symbol "ABCB."

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Atlantic (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20.     This action is properly maintainable as a class action.

21.     The Class is so numerous that joinder of all members is impracticable.  As of November 16, 2017, there were 15,553,709 shares of Atlantic common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

26.     Atlantic is the holding company for Atlantic Coast Bank, a community-oriented financial institution serving the Northeast Florida, Central Florida, and Southeast Georgia markets

through ten full-service branches and five lending offices.

27.    Atlantic Coast Bank was established in 1939 as a credit union to serve the employees of the Atlantic Coast Line Railroad.

28.    On November 1, 2000, after receiving the necessary regulatory and membership approvals, Atlantic Coast Federal Credit Union converted to a federal mutual savings bank (and subsequently a federally-chartered savings bank) known as Atlantic Coast Bank. The conversion allowed Atlantic Coast Bank to diversify its customer base by marketing products and services to individuals and businesses in its market areas and make loans to customers who did not have a deposit relationship with Atlantic Coast Bank.

29.    On December 27, 2016, Atlantic Coast Bank consummated the conversion of its charter from that of a federally-chartered savings bank to that of a Florida state-chartered commercial bank.

30.    Atlantic Coast Bank has traditionally focused on attracting deposits and investing those funds primarily in loans, including commercial real estate loans, consumer loans, first mortgages on owner-occupied one- to four-family residences, and home equity loans.

31.    Additionally, Atlantic Coast Bank invests funds in multi-family residential loans, commercial business loans, and commercial and residential construction loans.

32.    Atlantic Coast Bank also invests funds in investment securities, primarily those issued by U.S. government-sponsored agencies or entities, including Fannie Mae, Freddie Mac, and Ginnie Mae.

33.    On November 16, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement with Ameris.

34.    Pursuant to the terms of the Merger Agreement, Atlantic's stockholders will have

the right to receive $1.39 in cash and 0.17 shares of Ameris common stock for each share of the common stock of Atlantic they hold.

35.    On February 20, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

36.    First, the Proxy Statement omits material information regarding the Company's and Ameris's financial projections, as well as the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Hovde Group, LLC ("Hovde").

37.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38.    The Proxy Statement fails to disclose the Company's financial projections.

39.    Similarly, the Proxy Statement fails to disclose Ameris's financial projections.

40.    The Proxy Statement further fails to disclose the synergies that are anticipated to result from the merger.

41.    With respect to Hovde's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose the terminal value for the Company.

42.    With respect to Hovde's *Accretion/Dilution Analysis*, the Proxy Statement fails to disclose the assumptions regarding the accounting treatment, acquisition adjustments, cost

savings, and synergies.

43.   With respect to Hovde's *Comparable Transactions* analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Hovde in the analysis.

44.   With respect to Hovde's *Comparable Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Hovde in the analysis.

45.   Second, the Proxy Statement omits material information regarding potential conflicts of interest of Hovde.

46.   The Proxy Statement states that "Hovde has received from Atlantic and Atlantic Coast Bank a fairness opinion fee upon the delivery of the fairness opinion to the board of directors of Atlantic. Additionally, Hovde will receive a completion fee that is contingent upon the consummation of the merger." However, the Proxy Statement fails to disclose the amount of Hovde's fairness opinion fee and the estimated amount of its completion fee.

47.   Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

48.   The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Atlantic's Reasons for the Merger and the Recommendation of the Atlantic Board of Directors; and (iii) Opinion of Atlantic's Financial Advisor.

49.   The omitted information, if disclosed, would significantly alter the total mix of

information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Atlantic

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Atlantic is liable as the issuer of these statements.

52.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

53.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

54.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

55.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

56.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

8

57.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Ameris

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants and Ameris acted as controlling persons of Atlantic within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Atlantic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60.     Each of the Individual Defendants and Ameris was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

62.     Ameris also had direct supervisory control over the composition of the Proxy

Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

63.     By virtue of the foregoing, the Individual Defendants and Ameris violated Section 20(a) of the 1934 Act.

64.     As set forth above, the Individual Defendants and Ameris had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 2, 2018                                    **CULLIN O'BRIEN LAW, P.A.**

By:   */s/ Cullin A. O'Brien*
      Cullin A. O'Brien
      Florida Bar No. 0597341
      Cullin@cullinobrienlaw.com
**OF COUNSEL:**                                    6541 N.E. 21st Way
                                                    Ft. Lauderdale, FL 33308
**RIGRODSKY & LONG, P.A.**                         Tel.: (561) 676-5370
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801                               *Attorneys for Plaintiff*
Tel.: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800

## CERTIFICATION OF PLAINTIFF

I, Paul Parshall ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1.      Plaintiff has reviewed the complaint and authorizes its filing.

2.      Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.      Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary.   I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4.      Plaintiff's purchase and sale transactions in the Atlantic Coast Financial Corporation (NasdaqGM: ACFC) security that is the subject of this action during the class period is/are as follows:

| PURCHASES | | | | SALES | | |
|---|---|---|---|---|---|---|
| **Buy Date** | **Shares** | **Price per Share** | | **Sell Date** | **Shares** | **Price per Share** |
| 8/3/17 | 46 | $7.98 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

*Please list additional transactions on separate sheet of paper, if necessary.*

5.      Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.    During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of February, 2018.

PAUL PARSHALL

2